# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **REGAL EZURUIKE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-4030-JEC-AJB** |
| **THE BANK OF NEW YORK** : | |
| **MELLON,** *formerly known as* : | |
| **BAC Home Loans Servicing LP,** : | |
| : | |
| **Defendant.** : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  24th  day of  May , 2012.

  
  
**ALAN J. BAVERMAN**  
**UNITED STATES MAGISTRATE JUDGE**

AO 72A (Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REGAL EZURUIKE, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-4030-JEC-AJB** |
| THE BANK OF NEW YORK : | |
| MELLON, *formerly known as* : | |
| BAC Home Loans Servicing LP, : | |
| : | |
| **Defendant.** : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Currently before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint, [Doc. 5]; Motion to Strike Plaintiff's Affidavit and History of Request to Defendant, [Doc. 27]; and Motion to Strike Response in Opposition to Motion, [Doc. 28]. For the reasons that follow, the undersigned **RECOMMENDS** that Defendant's motion to dismiss the complaint, [Doc. 5], be **GRANTED IN PART and DENIED IN PART** and that the motions to strike, [Docs. 27 & 28], be **DENIED AS MOOT**.

## I. *Background*[1]

On June 1, 2007, Plaintiff Regal Ezuruike obtained a residential mortgage loan through non-party Bayrock Mortgage Bank, for purchase of the property located at 3539 Lee Place, Atlanta, Georgia 30349 ("the Property"). [Doc. 1-1 at 4]. To Plaintiff's knowledge, neither the note nor the security deed was assigned to a subsequent holder.[2] [*Id.* at 5]. Nevertheless, at some point, Defendant The Bank of

---

[1] As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiff's complaint, [Doc. 1-1], and construes those facts in the light most favorable to Plaintiff. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept Plaintiff's legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor will the Court "accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Defendant proffers a security deed apparently executed by Plaintiff in favor of Bayrock Mortgage Corporation with Mortgage Electronic Registration Systems, Inc. ("MERS") acting as nominee for Bayrock, filed with the Superior Court of Fulton County in Deed Book 45158 at page 8 on June 8, 2007. [Doc. 5-2 at 1-2]. It also proffers an Assignment executed by MERS on Bayrock's behalf in favor of Defendant, filed with the Superior Court of Fulton County in Deed Book 50039 at page 595 on May 6, 2011. [Doc. 5-2 at 20]. Because Plaintiff contests the authenticity of the documents, [Doc. 25], the undersigned does not consider them for the purposes of Defendant's Rule 12(b)(6) motion. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (finding that a court may consider documents attached to the complaint and the motion to dismiss without converting the motion to dismiss to a motion for summary judgment if "the attached document is (1) central to the plaintiff's claim and

AO 72A
(Rev.8/8
2)

New York Mellon executed a notice of default and attempted to foreclose on the Property. [*Id.* at 4-5].

On October 19, 2011, Plaintiff, who is proceeding *pro se*, filed a document entitled "Motion to Compel and Verified Petition for Temporary Restraining Order and/or Preliminary Injunction" and a Notice of Lis Pendens in the Superior Court of Fulton County, Georgia.[3] [Doc. 1-1 at 2-3]. Plaintiff filed the action, in part, to at least temporarily enjoin foreclosure of the Property.[4] [Doc. 1-1 ¶¶ 3, 19-25]. Plaintiff contends that Defendant "attempted" to wrongfully foreclose on the Property, but he does not indicate when the attempt took place or whether another sale date has been scheduled. [*See id.* ¶¶ 7-9, 15, 18-25]. Essentially, Plaintiff argues that Defendant should be enjoined from foreclosing on the Property because (1) there has been no recorded assignment of the original note from Bayrock Mortgage Bank to Defendant or any other person or entity, [*see id.* ¶¶ 3, 6, 13-16]; (2) he did not receive proper

---

(2) undisputed," and noting that a document is "undisputed" when its authenticity is unchallenged).

[3] The Fulton County Superior Court styled the case Civil Action File No. 2011CV207132.

[4] Plaintiff requested a temporary restraining order ("TRO") or a preliminary injunction, but the complaint contains no request for a permanent injunction. [*See* Doc. 1-1, *passim*].

notice of the attempted foreclosure, [*id.* ¶ 8]; and (3) Defendant refused his requests to produce original documents showing that it is the holder of the security interest in the Property, [*id.* ¶¶ 13, 22-24]. Plaintiff alleges that Defendant therefore violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and attempted to perpetrate fraud and wrongful foreclosure. [Doc. 1-1, *passim*]. In addition to preliminary injunctive relief from foreclosure proceedings, Plaintiff seeks to compel production of the original promissory note, proof of assignment of the debt securing his loan, validation of the debt, verification of the correct loan number and use of that number in any subsequent proceedings, compliance with O.C.G.A. § 44-14-162(b), and compliance with his requests for documentation, as well as costs and attorneys' fees. [*Id.* at 10-14].

On November 22, 2011, Defendant removed the case to the District Court for the Northern District of Georgia, whereupon the Clerk construed Plaintiff's filing as a complaint, [Doc. 1], and a motion for TRO and preliminary injunction, [Doc. 2]. On the same day Defendant removed the case to this Court, it also filed a motion to dismiss the complaint. [Doc. 5].

AO 72A
(Rev.8/8
2)

Construing the "verified petition" as a motion for a TRO or preliminary injunction, on December 1, 2011, the undersigned recommended to the District Judge that she deny the motion. [Doc. 13]. On December 13, Plaintiff responded to the motion to dismiss, [Doc. 18], but did not object to the undersigned's Report and Recommendation ("R&R"). On December 20, the District Judge adopted the R&R and denied the motion for preliminary injunctive relief. [Doc. 21].

On December 27, Defendant filed a reply in support of its motion to dismiss, [Doc. 22], and Plaintiff filed a document entitled Affidavit and History of Request, [Doc. 24]. On December 30, Plaintiff filed a document entitled Response in Dispute of the Authenticity of Documents Submitted by Defendant in Motion to Dismiss. [Doc. 25]. On January 13, 2012, Defendant filed a motion to strike the Affidavit and History of Request as an impermissible attempt to supplement the complaint, [Doc. 27], and on January 17, Defendant filed a motion to strike Plaintiff's Response in Dispute of the Authenticity of Documents Submitted by Defendant in Motion to Dismiss as an impermissible surreply, [Doc. 28].

The motion to dismiss, [Doc. 5], and both motions to strike, [Docs. 27, 28], are presently before the Court. The briefing period on each motion having expired, the undersigned now considers the motions.

5

## II. *Motion to Dismiss Legal Standard*

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). To determine whether a complaint fails to state a claim, the Court must apply the standard announced by the Supreme Court in *Twombly*, described as follows:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

AO 72A
(Rev.8/82)

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, 556 U.S. at 678-79 (alterations, citations, and internal quotation marks omitted).

A *pro se* complaint is construed more liberally than formal pleadings drafted by lawyers. *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans*, 448 Fed. Appx. 1, 1 (11th Cir. Sept. 21, 2011) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). However, the Court may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft*, 556 U.S. 662.

### III. *Analysis*

Defendant requests that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted and requests that Plaintiff's notice of lis pendens be cancelled and declared null and void. [Doc. 5 at 2]. As an initial matter,

7

AO 72A
(Rev.8/82)

the undersigned notes that Plaintiff has failed to cure pleading deficiencies identified in the R&R recommending denying preliminary injunctive relief. [*See* Doc. 13 at 6-7]. As such, Plaintiff has failed to plead a plausible claim for relief for the same reasons he failed to show substantial likelihood of success on the merits. [*See id.*].

First, Plaintiff cannot prevail on a claim for equitable relief from foreclosure on any grounds because he makes no showing that he paid the full amount necessary to bring the note current. Under Georgia law, a plaintiff is entitled to equitable relief from a foreclosure only if he pays or tenders the amount due on the mortgage. *Bright v. Nimmo*, 756 F.2d 1513, 1517 n.3 (11th Cir. 1985) (citing *Coile v. Fin. Co. of Am.*, 221 Ga. 584, 585, 146 S.E.2d 304, 305 (1965) ("The failure of appellant to allege either payment or a tender of the balance due on the debt secured by the deed was fatal to his equitable petition to enjoin the sale of the property. . . .")); *see also Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 849-50, 583 S.E.2d 844, 846 (2003) (citing O.C.G.A. § 23-1-10 for the maxim that "[h]e who would have equity must do equity"). Plaintiff has not shown—or even alleged—that he paid or tendered the balance due on the mortgage on the Property. Thus, he has failed to plead a plausible claim for injunctive relief.

8

Were this brightline rule not in place, Plaintiff still fails to plead facts showing that his substantive claims entitle him to a grant of injunctive relief. The FDCPA affords no right to injunctive relief. *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (holding that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]"). Nor does RESPA. *Montes v. Quality Loan Serv. Corp.*, No. 09-cv-5864, 2010 WL 114485, at *2 (C.D. Cal. Jan. 5, 2010) (holding that "rescission is not an available remedy for a failure to respond under § 2605"); *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 796 (D. Md. 2009) ("[T]his Court finds that there is no private right to injunctive relief under RESPA.") (citing *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 334 (M.D.N.C. 2002)); *cf.* 12 U.S.C. § 2605(f) (providing for damages and costs as the remedy for RESPA violations related to servicing of mortgage loans).

Nor has Plaintiff pleaded facts sufficient to raise plausible fraud or wrongful-foreclosure claims. For a plaintiff to succeed on a fraud or wrongful-foreclosure claim, he must show, among other things, that the defendant's wrongful actions were the proximate cause of his injury. *See JarAllah v. Schoen*, 243 Ga. App. 402, 403-04, 531 S.E.2d 778, 780 (2000) (To establish a fraud claim under Georgia law, a plaintiff must prove five elements: "false representation; scienter;

9

intent to induce the plaintiff to act or refrain from acting; justifiable reliance; and damage proximately caused by the representation."); *All Fleet Refinishing, Inc. v. W. Ga. Nat'l Bank*, 634 S.E.2d 802, 807, 280 Ga. App. 676, 681 (2006) (noting that Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages). Plaintiff, however, does not explain how Defendant's allegedly wrongful actions—failure to record the assignment, provide proper notice of the attempted foreclosure action, or produce documents showing that Defendant is the holder of the security interest in the Property—could have been the proximate cause of the Property's descent into foreclosure proceedings. Rather, the trigger for the attempted foreclosure action appears to have been Plaintiff's failure to make payments on the loan. *See Warque v. Taylor, Bean, & Whitaker Mortg. Corp.*, Civ. Action No. 1:09-CV-1906-ODE-CCH, 2010 U.S. Dist. LEXIS 142129, at *14-15 (N.D. Ga. July 30, 2010) (Hagy, M.J.) (finding causation not established where plaintiff had failed to make payments on loan (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 370-71, 601 S.E.2d 842, 845 (2004) (finding that plaintiff's injury was "solely attributable to its own acts or omissions both before and after the

10

foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale)), *adopted at* 2010 U.S. Dist. LEXIS 1421119 (N.D. Ga. Aug. 18, 2010) (Evans, J.). As such, Plaintiff has not pleaded facts sufficient to raise plausible fraud or wrongful-foreclosure claims.

The Eleventh Circuit requires that a *pro se* plaintiff be given an opportunity to replead a complaint before it is dismissed with prejudice if an amendment would not be futile. *See Langlois v. Traveler's Ins. Co.*, 401 Fed. Appx. 425, 427 (11th Cir. Oct. 22, 2010); *Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. June 12, 2009); *Jeremiah v. Burnette*, 297 Fed. Appx. 854, 855 (11th Cir. Oct. 22, 2008). Because it is possible that Plaintiff could allege facts showing that he paid the full amount necessary to keep the loan current or that he suffered damages as a result of Defendant's allegedly wrongful actions, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** and that Defendants' request that dismissal be with prejudice be **DENIED**.

*IV. Conclusion*

For these reasons, the undersigned **RECOMMENDS** to the District Judge that she **GRANT IN PART and DENY IN PART** Defendant's motion to dismiss and

11

**DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**. [Doc. 5]. Accordingly, the undersigned also **RECOMMENDS** to the District Judge that she **CANCEL** the notice of lis pendens,[5] [Doc. 5], and **DENY** the motions to strike **AS MOOT**, [Docs. 27 & 28].

The Clerk is **DIRECTED** to terminate reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND DIRECTED**, this the 24th day of May, 2012.

   
   **ALAN J. BAVERMAN**
   **UNITED STATES MAGISTRATE JUDGE**

---

[5] The purpose of a notice of lis pendens "is to notify prospective purchasers that the property in question is directly 'involved' in a pending suit, in the sense that the suit seeks some relief respecting that particular property." *Triple Eagle Assocs., Inc. v. PBK, Inc.*, 307 Ga. App. 17, 704 S.E.2d 189 (2010). Thus, assuming the District Judge adopts this R&R and dismisses the complaint, the notice of lis pendens will be moot.

12