```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

```
REGAL EZURUIKE,

          Plaintiff,
                                    CIVIL ACTION NO.
v.                                  1:11-cv-4030-JEC

THE BANK OF NEW YORK MELLON,

          Defendant.
```

**ORDER AND OPINION**

This case is before the Court on the Magistrate Judge's Final Report and Recommendation [29] recommending granting in part and denying in part defendant's Motion to Dismiss [5], dismissing this action without prejudice, denying defendant's Motions to Strike [27, 28], and cancelling the Notice of Lis Pendens [5].  In short, the magistrate judge recommended that the complaint be dismissed without prejudice, instead of with prejudice as requested by the defendant.

On June 7, 2012, plaintiff filed Objections [30] to the Report and Recommendation [29].  The Court has reviewed the Final Report and Recommendation [29].  Like the magistrate judge, the Court agrees that dismissal without prejudice is appropriate.  The Court will, however, give the plaintiff **until October 12, 2012** to file an amended complaint addressing the defects in his complaint.  Should plaintiff

fail to do so, an Order will be issued dismissing his claims without prejudice.

## **DISCUSSION**

**I.   DOES PLAINTIFF CLAIM WRONGFUL FORECLOSURE OR WRONGFUL ATTEMPTED FORECLOSURE?**

First, as noted in both the defendant's Motion to Dismiss and the magistrate judge's Report and Recommendation, plaintiff's Complaint is garbled and barely coherent.  As best the Court can determine from reading the Complaint and the other pleadings in the case, the plaintiff has ceased making his mortgage payments and the entity holding the security deed began efforts to foreclose on the property.  There is no indication that foreclosure ever occurred.  To the contrary, as plaintiff's Complaint requests an injunction to stop any foreclosure sale, one must infer that foreclosure has not actually occurred.

As apparently no foreclosure sale has occurred nor is there any indication in this record that one is currently scheduled, plaintiff's claim must necessarily be interpreted as a claim for wrongful attempted foreclosure, not for wrongful foreclosure. *Mayrant v. Deutsche Bank Trust Co. Americas*, Civil Action File No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011)(Thrash, J.).  To show wrongful attempted foreclosure, the plaintiff must establish "a knowing and intentional publication of

2

untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication," citing *Aetna Finance Co. v. Culpepper,* 171 Ga. App. 315, 319 (1984).

Here, the plaintiff does not allege that he had <u>not</u> defaulted on his mortgage obligation; instead, he seems to be alleging only that the defendant was not the right entity to call him to task for that breach and therefore that <u>this</u> defendant should have no power to foreclose.  Likewise, plaintiff has failed to allege that he sustained damages as a result of the publication. *Sellers v. Bank of Am., Nat'l Ass'n*, Civil Action No. 1:11-CV-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012)(Story, J.)(dismissing attempted wrongful foreclosure claim, because while plaintiffs alleged that the defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show with plausibility that they suffered any damage as a result.)

Here, plaintiff appears to be alleging that the defendant will not be the proper entity to foreclose on the property.  In doing so, plaintiff is repeating a familiar argument that is often made by debtors who have defaulted on their mortgage, but who nonetheless seek to delay and prevent foreclosure of property on which they have ceased to make payments.  In short, lacking a substantive defense that they are in compliance with their mortgage obligations, such

3

debtors seeks to forestall the return of their property to the creditor who is not being paid by mounting an argument that the foreclosure notice is not in technical compliance with the applicable Georgia statute. Technical arguments can, of course, sometimes be as successful as substantive positions, but whether or not there is merit to this argument by plaintiff is beside the point as to an attempted wrongful foreclosure claim. That is, plaintiff makes no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition.

Accordingly, to the extent that plaintiff is making a claim for wrongful attempted foreclosure, that claim is dismissed.

## II. STATE FRAUD CLAIM

To the extent that plaintiff is attempting to advance a fraud claim, defendant correctly notes that he has not alleged with particularity facts that would support the elements of such a claim. (Def.'s Mot. Dismiss [5] at 9-10.) Should plaintiff wish to file an amended complaint alleging fraud, he should set out the specific facts that would plausibly support such a claim, as described in defendant's response brief.

## III. FEDERAL RESPA AND FDCPA CLAIMS

As with his fraud claim, plaintiff's RESPA claim is deficient, as it lacks sufficient factual detail to set out a plausible claim.

4

Should plaintiff wish to file an amended complaint alleging a RESPA violation, he should set out, with specificity, all factual elements of the statute, including a specification of the damages he has incurred as a result of the alleged violation.

As to plaintiff's FDCPA claim, at the time of the defendant's motion to dismiss, there were no legal decisions that would arguably support the plaintiff's position. Since that time, the Eleventh Circuit has issued decisions that might support an FDCPA claim against the entity that sent plaintiff a debt collection letter regarding his mortgage. Plaintiff, however, has sued only the Bank of New York Mellon, which may not occupy that status. Accordingly, plaintiff's claim, as presently stated, does not state an FDCPA claim against the existing defendant, nor does it set out with adequate specificity facts that would support a claim against any defendant.

The Court will, however, permit the plaintiff to amend his complaint to reallege, correctly, an FDCPA claim. To assist him in that endeavor, the Court has attached to his copy of the Order the three Eleventh Circuit cases referenced above: *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238 (11th Cir. 2012); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012); and *Shoup v. McCurdy & Candler, LLC,* 465 Fed. App'x 882 (11th Cir. 2012).

5

## IV. <u>INJUNCTIVE RELIEF</u>

The Court concurs with the magistrate judge that no injunctive relief, such as an order to stop a foreclosure sale, is appropriate. Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan. *Taylor, Bean & Whitaker Mortg. Corp. v. Brown,* 276 Ga. 848, 850 (2003). *See also Hill v. Filsoof,* 274 Ga. App. 474, 475 (2005)("'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.'")(quoting *Coile v. Fin. Co. of Am.,* 221 Ga. 584, 585 (1965)).

This is an application of the more general principle that "[h]e who would have equity must do equity."  O.C.G.A. § 23-1-10. Therefore, as plaintiff has failed to live up to his promise to pay his mortgage and as he presumably is living, and has been living for some time, rent-free on these premises, he is not entitled to equitable relief enjoining any future foreclosure sale.  That does not mean, however, that he will not be entitled to any legal remedies for properly alleged claims relating to a wrongful foreclosure.

6

## CONCLUSION

The Court concurs with the magistrate judge that, as presently drafted, plaintiff's claims are subject to dismissal. The Court will give the plaintiff **until October 12, 2012** to file an amended complaint that addresses the defects in his existing complaint. Should plaintiff fail to do so, an Order will be issued dismissing the present Complaint without prejudice.

For the present, the Court **GRANTS** defendant's Motion to Dismiss [5-1] the present complaint, but as this dismissal is without prejudice and as the Court is giving plaintiff additional time to file an amended complaint, the Clerk is directed not to enter a judgment until after the expiration of the time period for plaintiff to file an amended complaint. Upon expiration of that deadline, the Court will determine what action should be taken. The Court **DENIES AS MOOT** defendant's Motions to Strike [27, 28]. Given the above ruling, defendant has not adequately briefed its motion to cancel the Notice of Lis Pendens [5-2]. Accordingly, that motion is **DENIED WITHOUT PREJUDICE.**

SO ORDERED, this 11th day of SEPTEMBER, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)